UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RANDY ANDERSON,<br><br>                      Petitioner,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                      Respondent. | Case No. 1:14-CV-00468-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Pending before the Court is Petitioner Randy Anderson's Petition for Review of Respondent's fully favorable decision finding Petitioner disabled beginning on March 29, 2010, after reopening a prior Title XVI application for benefits. (Dkt. 5.) Anderson challenges the ALJ's decision not to re-open his prior Title II application for disability insurance benefits. Anderson contends also that the ALJ made several errors in the favorable decision, including improperly determining his disability onset date.

Pursuant to 28 U.S.C. § 636(c), the parties consented to the exercise of jurisdiction over this matter by the undersigned United States Magistrate Judge. (Dkt. 20.) The Court has reviewed the Petition for Review and the Answer, the parties' memoranda, and the

**MEMORANDUM DECISION AND ORDER - 1**

administrative record (AR), and for the reasons that follow, will dismiss the Petition for Review.

## PROCEDURAL BACKGROUND

Anderson filed an application for Title XVI Supplemental Security Income Benefits[1] and an application for Title II Disability Insurance Benefits[2] in March of 2010, claiming disability beginning December 30, 2008, due to severe back pain, bilateral sciatic pain, and degenerative arthritis in the lumbar area. (AR.126.) On May 19, 2010, the Social Security Administration ("SSA") denied both claims. *Id.* Anderson's Title XVI claim was denied based on his "ability to do past work," and his Title II claim was denied due to insufficient medical documentation of his disability. *Id.* Anderson did not appeal either decision within the 60 day time period to do so.

Anderson re-applied for Title XVI benefits on November 21, 2011, claiming disability beginning on May 20, 2010, due to severe back and bilateral sciatic pain and migraines. (AR. 128.) The SSA denied this claim on February 24, 2012. (AR. 151.) The following month, Anderson retained counsel, who requested on Anderson's behalf, reconsideration of the SSA's denial of Anderson's November 21, 2011 application for Title XVI benefits and Anderson's March 1, 2010 application for Title II benefits. (Dkt.

---

[1] Eligibility for Title XVI benefits is determined "on the basis of [the claimant's] income and resources, rather than on insured status. *See* 42 U.S.C. § 1381a; 20 C.F.R.§ 416.202(d).

[2] A claimant seeking benefits under Title II must show that he became disabled when he had "insured status." *See* 42 U.S.C. § 416(i)(3); 20 C.F.R. § 404.101. "[O]ne can collect DIB under Title II that covers up to 12 months of disability prior to the filing of a DIB application, provided that one had insured DIB status during that period of disability." *Perkins v. Chater*, 107 F.3d 1290, 1295 (7th Cir. 1997); *See* C.F.R. §§ 404.131, 404.315.

**MEMORANDUM DECISION AND ORDER - 2**

162.) The Administration denied the request for reconsideration of both claims. (Dkt. 166.) A hearing was held on December 19, 2012, before Administrative Law Judge ("ALJ") Lloyd Hartford.

After hearing testimony from Anderson, ALJ Hartford issued a written decision on February 4, 2013. (AR. 35.) ALJ Hartford did not find a basis under 20 C.F.R. § 404.988 or SSR 91-5p to reopen Anderson's Title II claim. (AR. 40.) However, ALJ Hartford determined that, due to new and material evidence, good cause existed to reopen Anderson's March 2010 application for Title XVI benefits pursuant to 20 C.F.R. §§ 416.1488 and 404.989. *Id.* ALJ Hartford issued a fully favorable decision for Anderson's Title XVI claim, finding Anderson disabled as of March 29, 2010 (the date Anderson filed his original application for supplemental security income).[3]

On February 24, 2013, Anderson requested review of ALJ Hartford's decision by the Appeals Council. (AR. 32.) While Anderson agreed with ALJ Hartford's disability finding, Anderson alleged ALJ Harford improperly determined his disability onset date. Anderson contended, for the first time, his disability onset date was sometime in December of 2002. *Id.* Anderson attached to his appeal medical records Anderson had recently recovered from the Veterans Administration dated March 18, 2001, through

---

[3] The March 2010 Title II and Title XVI applications are not part of the administrative record. It is not clear what date Anderson filed these applications. Anderson's previous attorney indicates in his reconsideration request, that the Title II application was filed on March 1, 2010. However, the ALJ's decision indicates the Title II application was filed on March 29, 2010. As explained in this decision, the date the application was filed is immaterial.

**MEMORANDUM DECISION AND ORDER - 3**

December 9, 2009,[4] and two personal statements, one from Anderson, and the other from his girlfriend. (AR. 327, 324, 376-450.) On September 2, 2014, the Appeals Council denied Anderson's request for review. On November 3, 2014, Anderson appealed this final decision to the Court. Anderson is no longer represented by counsel and is proceeding pro se.

## DISCUSSION

Anderson alleges ALJ Hartford committed a variety of errors. Specifically, Anderson contends ALJ Hartford: (1) failed to provide specific and legitimate reasons for his decision not to reopen Anderson's Title II application for benefits; (2) improperly determined his disability onset date; (3) failed to fully develop the record; and (4) failed to provide specific and legitimate reasons for rejecting the opinions of one of Anderson's treating physicians and a lay witness. At the end of his forty-seven page opening brief, Anderson requests the Court "modify" ALJ Hartford's decision by amending the onset date to January 1, 2008, and by converting his award of Title XVI benefits into an award for Title II benefits. (Dkt. 22-1 at 19.)

The Court will discuss first ALJ Hartford's decision not to reopen Anderson's Title II application for benefits, and next will discuss Anderson's remaining three arguments related ALJ Hartford's fully favorable decision to award Title XVI benefits.

---

[4] Anderson contends he did not receive these records until February 19, 2014, after the ALJ issued his favorable decision. (AR. 32.)

**MEMORANDUM DECISION AND ORDER - 4**

## II. The Court does not have jurisdiction to review the ALJ's decision not to reopen the Title II application for benefits

Anderson seeks review of ALJ Harford's decision not to reopen his Title II application for disability benefits. However, the Court lacks jurisdiction to review the refusal to reopen the Title II application for the following reasons.

A decision not to reopen a prior, final benefits decision is discretionary and ordinarily does not constitute a final decision; therefore, it is not subject to judicial review. *Califano v. Sanders*, 430 U.S. 99, 107–09 (1977). However, the Court has jurisdiction to review the decision not to reopen an application when the Petitioner presents a "colorable constitutional claim of [a] due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Rolen v. Barnhart*, 273 F.3d 1189, 1191 (9th Cir. 2001) (quoting *Evans v. Chater*, 110 F.3d 1480, 1483 (9th Cir. 1997)); *see also Califano v. Sanders*, 430 U.S. 99, 108 (1977); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1202-03 (9th Cir. 1990). "A claim is 'colorable' if it is not 'wholly insubstantial, immaterial, or frivolous.'" *Rolen*, 273 F.3d at 1191.

The United States Court of Appeals for the Ninth Circuit has recognized due process violations in this context where the Petitioner "presents evidence that mental incapacity prevented [him] from requesting timely review of an administrative action and [he] had no one legally responsible for prosecuting a claim on [his] behalf." *Youssef v. Astrue*, 487 F. App'x 414 (9th Cir. 2012) (citing *Udd v. Massanari,* 245 F.3d 1096, 1099 (9th Cir. 2001). In addition, colorable constitutional claims are recognized "where the

**MEMORANDUM DECISION AND ORDER - 5**

[Petitioner] can show that mental impairment prevented [him] from understanding how to contest the denial of benefits." *Id.* (citing *Klemm v. Astrue,* 543 F.3d 1139, 1144–45 (9th Cir. 2008).

Here, Anderson argues ALJ Hartford erred by failing to provide "legitimate and germane reasons" in support of his decision not to reopen his Title II application. Anderson appears to suggest that the same "new and material evidence" that satisfied the good cause standard to reopen his Title XVI claim also provided good cause to reopen the Title II claim.[5] However, ALJ Hartford was not required to support his decision not to reopen Anderson's application for Title II benefits with "legitimate and germane reasons." Rather, the ALJ's decision was discretionary. Under the general rule, the Court lacks jurisdiction to review ALJ Harford's decision unless it violated Anderson's constitutional due process right to seek reconsideration of an adverse benefits determination. Anderson does not argue his due process rights were violated. Accordingly, because Anderson's request for review does not fit within the narrow exception that otherwise affords this Court jurisdiction to review ALJ Harford's decision not to reopen his Title II application, the Court will dismiss Anderson's claim.[6]

---

[5] The SSA's regulations permit a final decision to be reopened under limited circumstances. Title II claims may only be reopened: (1) [w]ithin 12 months of the date of the notice of the initial determination, for any reason," (2) [w]ithin four years of the date of the notice of initial determination if the [agency] find[s] good cause as defined in § 404.989, to reopen the case;" or (3) "[a]t any time" if the determination was obtained by fraud or in certain other specified circumstances. 20 C.F.R. § 404.988. Title XVI claims may be reopened for the same reasons as Title II claims, but the time to reopen for good cause is limited to two years. 20 C.F.R. § 416.988(b).

[6] To the extent Anderson requests that his award of Title XVI benefits be "converted" to an award of Title II benefits, the Court has no such authority to do.

**MEMORANDUM DECISION AND ORDER - 6**

**II. No Standing to Challenge ALJ's Alleged Errors in Fully Favorable Decision**

The ALJ issued a fully favorable decision, finding Anderson disabled and entitled Title XVI benefits. However, Anderson contends the ALJ made the following errors in his decision: (1) the ALJ improperly determined his disability onset date; (2) he failed to fully develop the record; and (3) he failed to provide specific and legitimate reasons for rejecting the opinions of one of Anderson's treating physicians and a lay witness. For the following reasons, the Court finds Anderson lacks standing to challenge these alleged errors.

Pursuant to 42 U.S.C. § 405(g), "(a)ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party ... may obtain a review of such decision by a civil action." "Implicit in the statute is the requirement that the party seeking review of the Commissioner's decision must have been aggrieved by the decision." Social Security Disability Law & Procedure in Federal Court § 7:2; *see Buck v. Secretary,* 923 F.2d 1200, 1203 (6th Cir. 1991) ("The claimant has no standing to appeal a fully favorable decision."); *Jones v. Califano,* 576 F.2d 12, 18 (2d Cir. 1978) ("Section 405(g) assumes as a condition for judicial review that the determination by the Secretary ... will be adverse to the claimant of benefits. It makes no provision for judicial review of a determination favorable to the complainant."). Moreover, under Article III of the Constitution, "a party may not appeal from a favorable judgment simply to obtain review of findings it deems erroneous." *Mathias v. WorldCom Techs., Inc.*, 535 U.S. 682, 684 (2002).

**MEMORANDUM DECISION AND ORDER - 7**

In this case, ALJ Hartford's decision was fully favorable to Anderson. ALJ Hartford specifically stated in his decision that, "[a]fter careful review of the entire record, the undersigned finds that the claimant was disabled as of March 29, 2010, the date [sic] prior application for supplemental security income was filed, and that the claimant's disability has continued through the date of this decision." (AR. 40.) The Court considered whether an error in Anderson's disability onset date could result in a decision that is otherwise not fully favorable. However, the Court concludes Anderson would be entitled to the same amount of benefits with a disability onset date of March 29, 2010 or January 1, 2008 (the onset date Anderson now alleges). *See* 42 U.S.C. § 1382(c)(7) (regardless of the alleged disability onset date, Title XVI benefits are only payable beginning the month after the application was filed, regardless of how long the applicant suffered from a particular infirmity). Accordingly, because ALJ Hartford's decision was fully favorable to Anderson, Petitioner lacks standing to challenge the decision.

## CONCLUSION

Because the Court does not have jurisdiction to review the ALJ's decision not to reopen Anderson's Title II claim, and because Anderson lacks standing to challenge the ALJ's fully favorable decision finding him disabled and entitled to Title XVI benefits, the Court will dismiss Anderson's Petition for Review.

**MEMORANDUM DECISION AND ORDER - 8**

## **ORDER**

Based upon the foregoing, the Court being otherwise fully advised in the premises,

**it is hereby ORDERED** that the Petition for Review is **DISMISSED.**

Dated: **September 30, 2016**

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 9**